Since we have a lot of selections this morning, 1022, 1292, Mr. Kaplan. Good morning again, may it please the court. The board's decision in this re-examination should be reversed because the board used the wrong construction for the key term time select switch. Under proper construction following the rules of Phillips, which you have to account for the actual terms in the claim, the actual claim language and how it is described in the spec. The construction does not reflect, the construction used by the board does not reflect that and therefore that's our basis. In particular, I'm going to get to it, but just to make clear, in this case the construction of the time select switch cannot cover a charge couple device. Because the specification makes clear that this particular invention as claimed excludes that technology. The reference that's used in combination with the double patenting reference is a CCD device and that is a real problem. The 740 patent is one of a family of patents of select that feature elements of an imager separated onto different planes or boards. Again, all solid state imagers are not the same. Charge couple devices operate differently than CMOS imagers and differently than charge injection device elements. I don't want to get too much into the weeds, but part of that is important here. A charge couple device works like all imagers. It receives incident light onto a pixel and you ultimately can read the pixel out and you get an image. A charge couple device, to read out that image, you have to destroy the image from the pixels. You cannot adjust it. A CMOS imager or a CID imager, which are described in the specification, operate differently. Those pixels can be read out without destroying them. They can be addressed differently. That is an important factor when we get to the claim language. Your main argument, as you state in the brief, is the board heard in construing the remote time select switch is not requiring circuitry for varying integration periods. If you look at figure 10 of the patent, as I read it, it seems to have the time select switch specifically as a separate item from the circuitry. The time select switch is 320. The circuitry is 318. Isn't that correct? I think what you're seeing in figure 10 reflects what you're seeing, but I don't think that's a correct assessment of what's in there in terms of what's claimed. What do you mean? Because the claim language is a time select switch for, and there's a number of different functions, first of all. The claim construction of the term time select switch is not just a time select switch. It's a time select switch with additional recited functions. The specification explains that when this ability to selectively vary integration is included, that time select switch has to include additional circuitry. That's what makes it into a time select switch. But you agree that this figure shows them as separate? There are two boxes, 320 and 318. I agree with that, Your Honor. One box is labeled time select switch, and the other one is circuitry. Correct. But a person would read that, the claim language, and the specification, which explains how it works. In particular, I'm talking about in Appendix 56, Column 6, Lines 13 to 17, and Column 19, Lines 37 to 45. It explains how this time select switch works. Because under your reasoning, Your Honor, or that understanding of it, you would have a knob with no function. But the claim is directed to a knob that has function. So the specification describes what that function is. Well, that function is to be able to select a desired integration period. Correct. That is correct, Your Honor. But I don't see anywhere in the pen or in the figures that requires the control switch, the time switch, to have its own circuitry. In fact, it's opposite. The figure shows just simply a connection wire leading from the control knob to the remainder of the circuitry. Well, Your Honor, it does describe, I disagree with that overall characterization, because the specification does describe about this readout circuitry. And I'm looking at Appendix 56 in the patent, Column 6, Lines 32 to 36. It talks about circuitry that is required to carry out when you want to selectively vary an integration period. It talks about readout circuitry. And then the patent separately describes circuitry to implement the integration period variance. So we're not conflating things, but the specification does describe circuitry that is necessary for implementing a time select switch that can selectively vary the integration period. And so that's how we submit a person's skill in the art. We look at it. Under controlling case law, you know, there was an issue with the proposed construction, which is a feature. We have that language. It's a feature for selectively varying integration periods to produce an image of desired brightness. That construction was proposed because it reflects what a person's skill in the art would understand the claim language and the specification to teach. So it's more than just a knob. It is a knob with circuitry to carry out that function. And I would also just point out that the Profectus case that we cited in our brief also has claim language, which uses the term feature to capture a variety of different mechanisms described in a patent to cover a particular operation. And so that's the same thing that's going on here. So we submit that a time select switch is more than just a knob because a knob would not provide the recited function. And that is the source of the board's claim construction error. Again, I just want to point out that the patent is also clear that this feature, and I'm at appendix 56 in column 5, lines 35 to 64, this recited time select switch doesn't apply to CCD images because they don't operate this way. The claim language also says, in addition to the function, it talks about producing an image of desired brightness. Well, that means, and it's described in the specification as well, that you have to be able to see an image and adjust it. With a CCD device, if you see an image, it's out of the device. You cannot adjust it. You can only do something going forward. This claim language and specification describes the ability to selectively vary integration period on an image, which means you have to be able to see it and adjust it, and that is what's described in the patent. Another reason that the Tomoyasu reference is not proper. So turning now to the Tomoyasu. Doesn't the gain controls knob in Tomoyasu, it's to control light? My understanding, Your Honor, is that an automatic gain control is what controls the voltage. So if you're adjusting a TV and you have like a brightness knob, it increases voltage so things get more amplified. So that may or may not help. That's another problem with Tomoyasu is that Tomoyasu focuses on using this automatic gain control, which is adjusting a voltage. It is not selecting a particular integration period. The integration period. But that controls the brightness of the image. It can affect the brightness. So what's the difference then? Because the claim itself says selectively varying, you know, selectively varying an integration period. The integration period is how long incident light can hit the device. So why doesn't the knob do that? Excuse me? Why doesn't the knob do that? What the knob does, it says in Tomoyasu that it adjusts the brightness. It uses just voltage. It doesn't let you set that integration period time. That's just not a feature of that knob. Automatic gain control, as I said, increases the voltage that's going to affect the image, which may or may not help. The other point with Tomoyasu is that the claim also says that this time select switch is remote from the first circuit board, and the first circuit board is the one that has the signal processing circuitry in Tomoyasu, whichever when you look at the elements that are identified for that feature, it is on the board with the signal processing circuitry. This goes back to an underlying aspect of the claimed invention, which is taking existing imager technology and breaking it up. So you have devices which can be reconfigured into more favorable, smaller arrangements. That remote term is also not met by Tomoyasu. On the claim construction issue itself, I know there was briefing about select having changed positions. We addressed it. We have taken the position that circuitry is involved in the IPR proceeding. In the district court, we use the term feature, which is consistent with your feature include whatever elements are required to carry out that function, and that would be circuitry. So there is no issue there, and I will reserve my time. We will save it for you. Thank you. Ms. Caprahan. Good morning, Your Honors, and may it please the Court. I would just like to make four brief points. First, there is nothing in the claim language or in the specification that limits the time select switch to one that contains particular circuitry, such as Circuit 318, or one that specifically requires real-time monitoring or readout of an image, as argued by select. And that is at APPX 15 and APPX 23. The board explained both of those points. Further, as this board found, there is substantial evidence to find that Tomoyasu teaches a remote gain-controlling knob, and that is at APPX 24. The board explained the figure 10 showing that the knob is separate from the processing circuitry. And finally, as to this point about voltage, what Tomoyasu explains is that the voltage actually changes the integration period, as recognized by Judge Reina. If there are no further questions, I would yield the rest of my time. That's fine. Thank you, Ms. Caprahan. Judge Reina, did you have a question? No. No further questions. Mr. Caplan has a few minutes to rebut. Just really one point, Your Honors, that I'll make. The specification in Column 5, Appendix 56, describes the differences between CCD and CMOS, but how this feature can be implemented and why it would work in CCD and not CMOS. And it talks about this readout select circuitry. And in Column 19, and I'm going to read exactly from the Patents Appendix 63, and this is at Column 19, Line 43, in order to incorporate variable charge integration capability, imager readout clock select circuitry 318 is added, which communicates with one or more of the video processors. So that means the specification is absolutely describing that when you want to implement this feature, this time select feature to vary the periods, you need some circuitry in the patent. It's described as circuitry 318, but that is how under Phillips the person's going to understand the claim language and the spec. So with that, unless there's any other questions. Thank you, Mr. Caplan. The case is submitted.